UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH RAY JOHNSON, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. C-09-315 |
| EDEN GARCIA, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

On this day came on to be considered Defendant Jose Rivera's Motion to Dismiss / Judgment on the Pleadings or for Rule 7(a) Reply with Brief in Support (the "Motion"). (D.E. 44.) For the reasons stated herein, Defendant's Motion is DENIED.

**I.     Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), as Plaintiffs' claims are based on 42 U.S.C. § 1983.

**II.    Factual and Procedural Background**

The relevant factual and procedural background of this action is fully recounted in this Court's Order of April 20, 2010. (D.E. 39.) Plaintiffs allege that they were stopped by law enforcement officers on November 25, 2007 while traveling south on Highway 281 in Falfurrias, Texas. They claim that their car was searched illegally, during which law enforcement officials recovered $8,579.80 in cash, and they were subsequently arrested. The money was returned to them only after retaining a lawyer. (D.E. 21 at 2-5.) Plaintiffs bring this Section 1983 action alleging unreasonable search and seizure, violation of due process, and violation of freedom of travel. (D.E. 21 at 4-5.) Defendant Jose Rivera, a Texas State Trooper, was one of the law enforcement officers who Plaintiffs allege illegally searched their car. (D.E. 21 at 3.)

Defendant Jose Rivera previously filed a Motion to Dismiss, raising the same arguments he makes in the Motion presently before the Court. (D.E. 33.) The Court ruled that Rivera had not been properly served and ordered Plaintiffs to re-serve Defendant Rivera within 30 days of entry of the Order. (D.E. 39 at 4, 10.) The Court denied Rivera's request for a Rule 7(a) Reply under Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995), noting that Rivera had not been served and thus his request was premature. (D.E. 39 at 4-5.) The Court also rejected Rivera's statute of limitations argument. (D.E. 39 at 5-10.)

Defendant Rivera has now been properly served. (D.E. 43; D.E. 45.) He renews his motion for a Rule 7(a) Reply, arguing that Plaintiffs' claims against him are conclusory and do not meet the requirements of a fact specific pleading. (D.E. 44 at 2-3.) Defendant also renews his argument that this action is barred by the applicable statute of limitations. (D.E. 44 at 3-5.)

**III.   Discussion**

   **A.   Rule 7(a) Reply**

Defendant Rivera seeks a Rule 7(a) Reply to his qualified immunity defense, pursuant to Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Once again, however, this request is premature.

After being served, Defendant Rivera filed this renewed Motion seeking a Rule 7(a) Reply. (D.E. 44.) As part of this submission, Rivera includes a one paragraph "Answer and Jury Demand," in which he states, "[d]ue to the conclusory and general nature of the allegations made by plaintiffs against Rivera, he is not able to specifically admit or deny any particular allegation. Pursuant to Fed. R. Civ. Proc. 8(b)(3) Rivera denies generally each and every allegation in plaintiffs' second amended complaint except for the allegation establishing jurisdiction and venue in this Court and demands a jury trial." (D.E. 44 at 5.) This "answer" fails to comply with

procedural requirements in several respects.  First, it does not formally comply with Federal Rule of Civil Procedure 8(c), as it does not include the qualified immunity defense in the "answer" paragraph itself.  Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . .").  Second, the "answer" does not comply with this Court's Standing Order, as it is combined with a Rule 12(b)(6) motion to dismiss.  D.E. 2-1 ¶ 8 ("[T]he Court will not consider a motion brought pursuant to Federal Rule of Civil Procedure 12(b) filed in combination with a responsive pleading.").  Finally, Defendant's combined pleading does not formally comply with the two step process outlined in <u>Schultea v. Wood</u>, which requires a public official to plead "the affirmative defense of qualified immunity in his answer," only after which a plaintiff may be required to "reply to that defense in detail."  47 F.3d at 1433; <u>see also</u> D.E. 39 ("[T]he Court will not order Plaintiffs to file a Rule 7(a) reply to an answer before that answer has been filed.  Defendant may request a Rule 7(a) reply after filing his answer.").

Now that Defendant has been formally served, he must file an answer that complies with Federal Rule of Civil Procedure 8 and this Court's Standing Order.  (D.E. 2-1.)  Thereafter, Defendant may seek a Rule 7(a) Reply.  Because Defendant's request is premature, it is DENIED.

### B. Statute of Limitations

To preserve the argument for appellate purposes, Defendant again asserts his contention that the two year statute of limitations has expired with respect to any claims against him, as the Second Amended Complaint naming him as a defendant was not filed until February 9, 2010, more than two years after the accrual of the injury, on November 25, 2007.  (D.E. 44 at 3-4.)  For

the reasons stated in its April 20, 2010 Order, the Court DENIES Defendant's Motion to Dismiss this action on statute of limitations grounds.  (see D.E. 39 at 5-10.)

**IV.     Conclusion**

For the reasons stated above, Defendant Jose Rivera's Motion to Dismiss / Judgment on the Pleadings or for Rule 7(a) Reply with Brief in Support is DENIED.  (D.E. 44.)

SIGNED and ORDERED this 9th day of June, 2010.

_____
Janis Graham Jack
United States District Judge